IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWEY JOE DUFF,

    Petitioner,                    No. 2:12-cv-01258 LKK KJN

    vs.                             DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

    Respondent.                 <u>ORDER</u>

_____/

         Petitioner, a condemned inmate proceeding without counsel or "pro se," initiated this action by filing a document entitled "Writ of Habeas Corpus." Primarily, petitioner challenges the state court's delay in addressing his state habeas claims. With his federal petition, petitioner submitted an incomplete application to proceed in forma pauperis. On June 12 and again on June 25, petitioner was advised that he must complete the paperwork for his in forma pauperis application or pay his filing fee in order to proceed. He has not done so. The court will give petitioner one final extension of time to submit either the filing fee, a certified copy of his prison trust account statement for the six month period immediately preceding the filing of the complaint, or the certification required on the in forma pauperis application form.

////

1

Although petitioner is being given another opportunity to initiate this action, the court warns petitioner that even if he properly does so, the court will likely be unable to consider his petition because it is premature. Petitioner's claims are premature because his state court proceedings are pending, and his claims are therefore unexhausted. A review of the California Supreme Court's docket for petitioner's automatic appeal, People v. Duff, S105097, shows that petitioner's judgment of death was issued on March 8, 2002.[1] Four and a half years later, the California Supreme Court appointed counsel to represent petitioner on appeal. On July 24, 2009, petitioner filed his opening brief on appeal. On July 9 and October 29, 2010, the opposition and reply briefs were filed. The docket indicates the California Supreme Court has not rendered a decision on the appeal.

The state appellate docket also shows that on October 12, 2011, the California Supreme Court appointed counsel to represent petitioner for purposes of filing a state habeas corpus petition and/or seeking clemency. The California Supreme Court's order appointing counsel states that the state habeas petition will be presumed timely if it is filed within three years of October 12, 2011. California Supreme Court records do not indicate that petitioner's appointed counsel has filed a state habeas petition on his behalf.

California Supreme Court records do show that petitioner filed a pro per habeas petition, In re Duff, S193253, in that court on May 16, 2011, and has filed a number of "motions" and "evidence" since that date. The case docket reflects no actions by the California Supreme Court on that pro per petition.

Exhaustion of state remedies is required before a state prisoner may proceed in federal court. 28 U.S.C. 2254(b)(1)(A). Claims are not exhausted until the state court has ruled on them. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (state remedies not exhausted if direct appeal is pending); Schnepp v. Oregon, 333 F.2d 288 (9th Cir. 1964) (state

---

[1] Information on cases before the California Supreme Court can be found at: http://appellatecases.courtinfo.ca.gov/.

remedies not exhausted until state post-conviction proceedings are completed).  Because the California Supreme Court has not ruled on petitioner's appeal, his pro per habeas petition, or any habeas petition filed by counsel appointed to represent him, any constitutional claims petitioner may wish to raise here are not yet exhausted, and his case would likely be dismissed as premature.

DATE:  August 21, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

duff 1258.eot2

3