IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEWEY JOE DUFF,

    Petitioner,                    No. 2:12-cv-01258 LKK KJN

    vs.                             DEATH PENALTY CASE

WARDEN,
 San Quentin State Prison,

    Respondent.              FINDINGS & RECOMMENDATIONS

                          /

        Petitioner, a condemned inmate proceeding without counsel or "pro se," initiated this action by filing a document entitled "Writ of Habeas Corpus" on May 9, 2012. Primarily, petitioner challenges the state court's delay in addressing his state habeas claims. On May 31, 2012, petitioner filed an incomplete application to proceed in forma pauperis. The court has given petitioner three opportunities to complete his application. By orders issued on June 12, June 25, and August 22, 2012, petitioner was advised that he must complete the paperwork for his in forma pauperis application or pay his filing fee in order to proceed. He has not done so.

        While the court recognizes petitioner's frustration with the slow pace of his state proceedings, the court is also aware that the state proceedings are well underway. A review of the California Supreme Court's docket for petitioner's automatic appeal, People v. Duff,

1

1  S105097, shows that petitioner's appeal is fully briefed and awaiting a decision by the California

2  Supreme Court.[1]  In addition, the state appellate docket shows that on October 12, 2011, the

3  California Supreme Court appointed counsel to represent petitioner for purposes of filing a state

4  habeas corpus petition and/or seeking clemency. The California Supreme Court's order

5  appointing counsel states that the state habeas petition will be presumed timely if it is filed within

6  three years of October 12, 2011.

   Because petitioner has failed to complete his application to proceed in forma pauperis or pay his filing fee, IT IS HEREBY RECOMMENDED that his pro se petition for a writ of habeas corpus be dismissed without prejudice.  See 28 U.S.C. §§ 1914(a); 1915(a).

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be filed and served within ten days after service of the objections.  The parties are advised that failure to file objections within the

////
////
////
////
////

---

[1] Information on cases before the California Supreme Court can be found at: http://appellatecases.courtinfo.ca.gov/.

2

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATE:  October 30, 2012

4  _____
   KENDALL J. NEWMAN
5  UNITED STATES MAGISTRATE JUDGE

6  duff1258.fr

3